Roam Capital, Inc. v Asia Alternatives Mgt. LLC (2021 NY Slip Op 03269)





Roam Capital, Inc. v Asia Alternatives Mgt. LLC


2021 NY Slip Op 03269


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Kapnick, J.P., Webber, Kennedy, Shulman, JJ. 


Index No. 651728/19 Appeal No. 13869-13869A Case No. 2020-03855 

[*1]Roam Capital, Inc., Plaintiff-Appellant,
v
Asia Alternatives Management LLC, Defendant-Respondent.


Gibson, Dunn & Crutcher, New York (Anne Champion of counsel), for appellant.
Pillsbury Winthrop Shaw Pittman LLP, New York (Anne C. Lefever of counsel) and Pillsbury Winthrop Shaw Pittman LLP, San Francisco, CA (Blaine I. Green of the bar of the State of California, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered August 20, 2020, which denied plaintiff's motion for leave to amend its complaint, unanimously reversed, on the law, without costs, and the proposed amended complaint submitted with the motion deemed to be the operative pleading. Appeal from order, same court and Justice, entered August 20, 2020, which dismissed the original complaint, unanimously dismissed, without costs, as academic.
We find that the motion court improvidently exercised its discretion by denying leave to amend. "A party may amend his pleading once without leave of court . . .at any time before the period for responding to it expires" (CPLR 3025[a]). Since a motion to dismiss extends the defendant's time to answer the complaint "until ten days after service of notice of entry of the order" deciding the motion (CPLR 3211[f]), and since the court had not yet even decided defendant's CPLR 3211 motion at the time plaintiff moved to amend its complaint, plaintiff did not need to move pursuant to CPLR 3025(b); instead, it could have amended as of right pursuant to CPLR 3025(a) (see Nimkoff Rosenfeld & Schechter, LLP v O'Flaherty, 71 AD3d 533 [1st Dept 2010]; Gowen v Helly Nahmad Gallery, Inc., 60 Misc 3d 963, 979 [Sup Ct, NY County 2018], affd 169 AD3d 580 [1st Dept 2019]). We have considered defendant's contentions that plaintiff waived its right to amend and may not argue for the first time on appeal that it could amend as of right and find them unavailing.
We need not address the dismissal of the original complaint because "an amended complaint supersedes the original complaint" (Nimkoff Rosenfeld & Schechter, LLP, 71 AD3d at 533).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021